United States District Court
Southern District of Texas
**ENTERED**
April 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ELMER NIXON BONILLA CHICAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00131** |
| | § | |
| **WARDEN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court is Respondents' Opposed Motion to Reconsider, (Dkt. 15), and Petitioner Elmer Nixon Bonilla Chicas's ("Petitioner" or "Mr. Bonilla Chicas") Response in Opposition to Respondents' Motion to Reconsider, (Dkt. 16).

For the following reasons, Respondents' Opposed Motion to Reconsider, (Dkt. 15), is **DENIED**.

**<u>Background</u>**

On February 20, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, (Dkt. 1), and denied Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 9). (Dkt. 11.) The Court issued a Memorandum and Order detailing its reasoning for granting the petition on the grounds that Petitioner's detention by immigration authorities violated his rights under the Due Process Clause of the Fifth Amendment and ordered Respondents to release Petitioner from custody immediately under reasonable conditions of supervision. (*Id.* at 26.) The Court also ordered the parties to file advisories indicating whether they were opposed to the entry of a final judgment in this case. (*Id.*) Respondents released Petitioner from custody the following day in

1 / 5

compliance with the Court's order and filed an advisory indicating that they would promptly file a motion to reconsider the Court's ruling and opposed final judgment for that reason. (Dkt. 12.) Respondents subsequently filed their Opposed Motion to Reconsider, (Dkt. 15), asking the Court to reconsider its ruling, and Petitioner filed a response, (Dkt. 16).

### Discussion

The Court now turns to Respondents' arguments for reconsideration. Respondents ask the Court to reconsider its Order, (Dkt. 11), on the grounds that Court committed a clear error of law because "Supreme Court Precedent [] makes clear that aliens who are subject to the mandatory detention provisions of the Immigration and Nationality Act ("INA") may constitutionally be detained during removal proceedings." (Dkt. 15 at 2–8.) Petitioner responds that the Court should not reconsider its Order because Respondents' motion merely asserts a disagreement with the Court's reasonable interpretation of Supreme Court precedent and rehashes prior arguments for the general constitutionality of mandatory detention of certain noncitizens during removal proceedings without specifically analyzing Petitioner's as-applied due process challenge to his detention. (Dkt. 16 at 2–7.) The Court agrees with Petitioner.

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P.  54(b). Thus, a motion for reconsideration of a court order that is not final should be analyzed under Rule 54(b), rather than Rules 59 and 60, which apply to final judgments. *Lexington Ins. Co. v. ACE Am. Ins. Co.*, 192 F. Supp. 3d 712, 714 (S.D.

Tex. 2016) ("[C]ourts address such motions under Rules 54(b) for interlocutory orders, and under Rules 59 and 60 for final judgments.").

A district court has discretion "to reconsider and reverse its decision for any reason it deems sufficient." *McClendon v United States*, 892 F3d 775, 781 (5th Cir. 2018) (citing *Austin v Kroger Texas LP,* 864 F3d 326, 336 (5th Cir. 2017)); *see also Crevier-Gerukos v. Eisai, Inc.*, 2013 WL 12137089, at *4 (S.D. Tex. June 24, 2013) (citing *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).  But "[u]nderlying a motion for reconsideration is the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Lexington Ins. Co.*, 192 F. Supp. at 714 (internal citations omitted). The standard of review for a Rule 54(b) is "typically held to be less exacting than would be a motion under Rule 59(e)." *Crevier-Gerukos*, 2013 WL 12137089, at *4. Though the Rule 54(b) standard is less exacting, courts still look to the factors for reconsideration of a final judgment that apply to Rules 59 and 60. *Id.*; *see e.g.*, *Fishman Jackson PLLC v Israely*, 180 F. Supp. 3d 476, 481–82 (N.D. Tex. 2016).

Under Federal Rule of Civil Procedure 59(e), a court may reconsider prior rulings based upon "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Reconsideration should not be employed to relitigate old issues, advance new theories or arguments that could have been raised before the entry of judgment, or secure a rehearing on the merits. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citation omitted); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003). Additionally, "[r]econsideration . . . is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Here, the Court interprets Respondents' motion as asking for reconsideration based on the third potential ground, "the need to correct a clear error of law." *See* Fed. R. Civ. Pro. 59(e); (Dkt. 15 at 8.) Specifically, Respondents assert that the Court failed to appropriately apply Supreme Court precedent which Respondents argue stands for the proposition that mandatory detention during removal proceedings is always constitutional for individuals like Petitioner. (*Id.*) (citing *Demore v. Kim*, 538 U.S. 510 (2003); *Wong Wing v. United States*, 163 U.S. 228 (1896); *Carlson v. Landon*, 342 U.S. 524 (1952)). However, the Court already considered the relevant Supreme Court cases cited by Respondents and determined that none of them foreclose Petitioner's as-applied due process challenge to his detention under 8 U.S.C. § 1225(b)(2). (Dkt. 11 at 14–21.)

Thus, the Court will decline to reconsider its prior Order as Respondents' motion primarily rehashes earlier arguments that the Court has already rejected. Specifically, the Court's prior order explicitly addressed in detail the legal and factual reasons for distinguishing the claims brought in *Demore v. Kim*, 538 U.S. 510 (2003) and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) from Petitioner's as-applied due process challenge to his detention under 8 U.S.C. § 1225(b)(2). (*See* Dkt. 11 at 14–21.) Respondents merely disagree with the Court's ultimate interpretation of these cases and their appropriate application to the novel circumstances of Petitioner's detention under 8 U.S.C. § 1225(b)(2) after having established a presence in the United States.

Additionally, Respondents cite to several other Supreme Court cases including *Carlson v. Landon*, 342 U.S. 524 (1952) and *Wong Wing v. United States*, 163 U.S. 228 (1896) to support their core argument that mandatory detention during removal proceedings is constitutional in all circumstances. (*See* Dkt. 11 at 16; Dkt. 15 at 2, 4, 6–8.) But neither of these cases support such a sweeping claim. *See Demore*, 538 U.S. at 569, 559 n.15 (Souter, J., concurring in part and

4 / 5

dissenting in part) ("*Carlson* did not involve mandatory detention," and "*Wong Wing* certainly did not hold that detention in aid of removal was exempt from the Due Process Clause."). Moreover, none of the cases cited by Respondents address the constitutionality of mandatory detention in the context of an as-applied due process challenge to a violation of a protected liberty interest, and therefore, the Court is likewise unpersuaded to alter its prior analysis of the relevant issues.

Accordingly, the Court will decline to reconsider its prior ruling granting Petitioner's habeas petition.

## Conclusion

For the foregoing reasons, Respondents' Opposed Motion to Reconsider, (Dkt. 15), is **DENIED**. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

SIGNED this April 28, 2026.

Diana Saldaña
United States District Judge